# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 6, 2021

Lyle W. Cayce
Clerk

No. 21-10192
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Porter,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-206-12

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Carlos Porter, federal prisoner # 42273-177, pleaded guilty to conspiracy to possess, with the intent to distribute, controlled substances. He was sentenced to, *inter alia*, 324 months in prison, later reduced to 210 months, pursuant to § 404 of the First Step Act of 2018. *See* Pub. L. No. 115-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10192

391 § 404, 132 Stat. 5194.  Proceeding *pro se*, Porter challenges the district court's denial of his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Denial of a compassionate-release motion is reviewed for abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  A district court may modify defendant's sentence, after considering the applicable 18 U.S.C. § 3553(a) sentencing factors, if "extraordinary and compelling reasons warrant such a reduction".  18 U.S.C. § 3582(c)(1)(A)(i).

In his compassionate-release motion, Porter asserted he was at risk from COVID-19 because of his health conditions:  kidney disease; diabetes; and hemoglobin disorder.  Porter maintains the court failed to adequately consider these conditions ("the court is basically silent on those conditions").  The court, however, assumed Porter's medical conditions provided extraordinary and compelling reasons for release and then considered the § 3553(a) factors.

Along that line, Porter contends the court erred in its determinations under § 3553(a).  The court expressly considered the § 3553(a) factors and concluded they weighed against Porter's release.  This disagreement with the court's weighing of the § 3553(a) factors is insufficient to show abuse of discretion. *See Chambliss*, 948 F.3d at 693–94 (explaining disagreement with how factors are considered not sufficient ground for reversal).

AFFIRMED.